S. C. JOHNSON & SON v. R. F. JOHNSTON PAINT CO.

(Court of Appeals of District of Columbia. Submitted May 10, 1926. Decided June 1, 1926.)

No. 1844.

1. Trade-marks and trade-names and unfair competition ⚙⇒21—Ten-year clause of statute held referable to nontechnical trade-marks, and where mark consists of surname, person of that name, using it, though on similar goods, would not be an infringer (Act Feb. 20, 1905 [33 Stat. 724]).

Ten-year clause of Act Feb. 20, 1905, has reference to nontechnical trade-marks, not susceptible to exclusive appropriation at common law, and under it, where mark consists of surname, a person of that name, using it in his own business, though dealing in similar goods, would not be an infringer, if name was not used in a manner tending to mislead.

2. Trade-marks and trade-names and unfair competition ⚙⇒21—Registrant of nontechnical trade-mark held not entitled by new application to convert it into technical mark for use on goods on which similar mark was used by opposer (Act Feb. 20, 1905, § 5, as amended by Act March 19, 1920, § 9 [Comp. St. Ann. Supp. 1923, § 9490]).

Registrant of nontechnical trade-mark "Johnson," under ten-year clause of Act Feb. 20, 1905, § 5, as amended by Act March 19, 1920, § 9 (Comp. St. Ann. Supp. 1923, § 9490), for use on floor wax, held not entitled, by a new application, to convert such mark into technical mark for use on paint products over the opposition of a user of mark "Johnson's" on paint products.

Appeal from Commissioner of Patents.

Application by S. C. Johnson & Son for registration of trade-mark opposed by the R. F. Johnston Paint Company. From a decision of the Commissioner of Patents, sustaining the opposition, applicant appeals. Affirmed.

E. B. H. Tower, Jr., of Milwaukee, Wis., for appellant.

W. F. Murray, of Cincinnati, Ohio, for appellee.

Before MARTIN, Chief Justice, ROBB, Associate Justice, and SMITH, Judge of the United States Court of Customs Appeals.

ROBB, Associate Justice. Appeal from concurrent decisions of the Patent Office tribunals sustaining the opposition of appellee to the registration by appellant of the word "Johnson's" as a trade-mark for use on paint products; the application having been filed under the Act of March 19, 1920, 41 Stat. 533 (Comp. St. Ann. Supp. 1923, § 9516a et seq.).

In 1906 appellant obtained registration of this mark, as applied to floor wax, under the ten-year clause of the act of 1905 (33 Stat. 724). In that year the appellee company was incorporated, and immediately commenced using the word "Johnston's" on its paint products. The company prospered to such an extent that in the year 1923 the business directly and indirectly transacted by it amounted to approximately $2,750,000. Then it was that appellant filed the present application, although its use of the mark on paint products did not commence until after 1916.

[1, 2] The ten-year clause of the act of 1905 has reference to nontechnical trade-marks, not susceptible of exclusive appropriation at common law. Registration of such marks was contingent upon "actual and exclusive use" during the ten-year period. "Where the mark consists of a surname, a person having the same name and using it in his own business, although dealing in similar goods, would not be an infringer, provided that the name was not used in a manner tending to mislead, and it was clearly made to appear that the goods were his own and not those of the registrant." Thaddeus Davids Co. v. Davids, 233 U. S. 461, 471, 34 S. Ct. 648, 652 (58 L. Ed. 1046, Ann. Cas. 1915B, 322). When appellee commenced using this mark on its paint products, the field was open. The basis of appellant's registration was actual and exclusive use of the mark as applied to floor wax, and the mark cannot be converted into a technical trade-mark through the instrumentality of another application.

The intent of Congress is plain from the language of the act of 1920, amending the act of 1905, where it is provided that, if any person or corporation shall have "registered a mark upon the ground of said use for ten years preceding February 20, 1905, as to certain articles or classes of articles to which said mark shall have been applied for said period, and shall have thereafter and subsequently extended his business so as to include other articles not manufactured by said applicant for ten years next preceding February 20, 1905, nothing herein shall prevent the registration of said trade-mark in the additional classes to which said new additional articles manufactured by said person or corporation shall apply, after said trade-mark has been used on said article in interstate or foreign commerce or with the Indian tribes for at least one year, provided another person or corporation has not adopted and used previously to its adoption and use by the proposed registrant, and for more than one year such trade-mark or one so similar as to be likely to deceive in such additional class or classes." Section 9 (Comp. St. Ann. Supp. 1923, § 9490).

The decision is affirmed.

Affirmed.